[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10235
Non-Argument Calendar
_____

Agency No. A206-297-853

ALEXANDRA DEL CARMEN PUERTA YANEZ,
JOHAN JOSE GREGORIO FERNANDEZ PONCE,
DANIELA NAZARETH FERNANDEZ PUERTA,
DANIEL ALEJANDRO FERNANDEZ PUERTA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 8, 2020)

Before WILSON, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Alexandra Del Carmen Puerta Yanez and her husband and children seek review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and Convention Against Torture relief. The agency denied relief based on its finding that Puerta Yanez was not credible.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (per curiam). Where the BIA agrees with the IJ's reasoning, we will review both decisions to the extent they agree. *Id.*

We review factual determinations, including credibility findings, under the substantial evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006) (per curiam). We must affirm the finding "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* We review the record evidence "in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1255. Accordingly, for us to reverse a finding of fact, we must determine that the record "compels" reversal. *Id.*

2

Considering the totality of the circumstances, a factfinder may base a credibility finding on enumerated, nonexhaustive factors. 8 U.S.C. § 1158(b)(1)(B)(iii).  Consistency is key to several of them.  *See id.*

A denial of asylum can be supported solely by an adverse credibility determination.  *Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1304 (11th Cir. 2009) (per curiam).  To challenge an adverse credibility finding, the applicant must demonstrate that the decision was not supported by "specific, cogent reasons" *or* was not based on substantial evidence.  *Id.* at 1305.

In *Kueviakoe*, we reversed a BIA credibility determination that was based on three perceived inconsistencies.  *Id.* at 1305–06.  Those inconsistencies were insufficient to support the adverse credibility finding because no reasonable factfinder could have concluded that they were in fact inconsistencies on the record.  *Id.* at 1305.  We saw "no plausible and material inconsistency" or one "of any importance" when the petitioner's word choice was inconsistent but "all of the other pertinent information remained the same."  *Id.*  We credited consistency about the essence of the events themselves over superficially "inconsistent" generalizations about those events.  *See id.* at 1305–06.  And we rejected a perceived inconsistency "based on an error in reading."  *Id.* at 1306.

Here too, we can reject the main perceived inconsistency contributing to the BIA's rationale.  The BIA identified an inconsistency between Puerta Yanez's I-

3

589 form and her testimony. She had checked a "no" box in response to the question, "Have you, your family, or close friends or colleagues ever experienced harm or mistreatment or threats in the past by anyone?" "In contrast," said the BIA, she "testified to several incidents involving verbal threats and past mistreatment in Venezuela." According to the BIA, this was an "inconsistency as to whether she experienced past mistreatment at all."

According to the record, there was no inconsistency as to whether she experienced past mistreatment. *See id.* at 1305. With respect to the I-589, the BIA said nothing about Puerta Yanez's "VIEW ATTACHED REPORT" entry in the box inviting applicants who had answered "yes" to explain their answers, or her attached report describing multiple threats and incidents of mistreatment. No reasonable factfinder would credit a box checked "no" over a typed entry explaining a "yes" answer combined with an attached report detailing threats and mistreatment in the same application. Regardless of whether this reasoning resulted from an error in reading the form or an elevation of the superficial over the substantive, we reject this perceived inconsistency. *See id.* at 1305–06.

Additionally, the BIA indicated that both Puerta Yanez's return trips to Venezuela and the timing of her asylum application after Hugo Chavez's control ended supported the adverse credibility finding. We do not see how. Indeed, Puerta Yanez's trips and application timing are consistent with her account that her

4

mistreatment worsened over time, and that she did not decide to flee the country and apply for asylum until after an attack she suffered on August 23, 2014.

As for the BIA's discussion of country-conditions evidence, the BIA simply noted that the IJ found that this evidence did not corroborate the claims or show a particularized risk of harm. It did not seem to suggest that this evidence factored into the credibility finding. But even if it did, that evidence "cannot serve as the sole basis for refuting an otherwise consistent and plausible statement." *See Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 496 (11th Cir. 2013) (discussing credibility and State Department reports).

Finally, to the extent that the BIA relied on an exchange between the IJ and Puerta Yanez during the merits hearing to question her consistency as to her past mistreatment, this reliance is based on an error in reading. *See Kueviakoe*, 567 F.3d at 1305–06. The BIA misread the record when it stated that she had responded "only that she feel[s] threatened" when asked whether she had been "'specifically and directly threatened' by anyone in Venezuela on account of her political opinion or for any other reason." Rather, in the cited portion of the merits hearing transcript, the IJ asked Puerta Yanez if anyone had "specifically and directly threatened to hurt, harm or injure [her] *upon [her] return to [her] home country*." Doc. 7 at 133 (BIA record on appeal) (emphasis added).

5

In conclusion, the BIA found that "the checked 'no' box, together with the [IJ's] statements doubting the reliability of [her] testimony . . . , provide sufficient reason to doubt" Puerta Yanez's credibility.  But we rejected the BIA's reasoning as to the checked "no" box, and we explained problems with the BIA's other "support" for its finding.  Because we determine that the BIA's credibility determination is not supported by any of the rationales that it cited, the record compels reversal.  *See Kueviakoe*, 567 F.3d at 1306.  Hence, we **GRANT** the petition and **VACATE** the BIA's decision, and **REMAND** for further proceedings. *See id.*